## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR | : : : |
| | : |
| Plaintiff, | : Case No. 1:22-cv-01355-YK |
| | : |
| v. | : |
| | : |
| MENNONITE MESSIANIC MISSION OF THE EASTERN PENNSYLVANIA MENNONITE CHURCH, doing business as LIBERTY RIDGE FARM, and NELSON MARTIN | : : : : |
| Defendants. | : |

**DEFENDANT'S OBJECTIONS AND RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS MENNONITE MESSIANIC MISSION OF THE EASTERN PENNSYLVANIA MENNONITE CHURCH, doing business as LIBERTY RIDGE FARM, and NELSON MARTIN**

OMNIBUS OBJECTIONS

1. Defendants object to Plaintiff's Interrogatories to the extent that such discovery requests attempt to expand their obligations under the Federal Rules of Civil Procedure.

2. Defendants object to Plaintiff's Interrogatories to the extent that such discovery requests are overly broad, vague, unduly burdensome, oppressive, and unlikely to lead discoverable evidence.

3. Defendants object to Plaintiff's Interrogatories to the extent that such discovery requests seek information that is not in their possession, custody, and/or control.

4. Defendants, by responding to Plaintiff's Interrogatories, do not admit that there is either a foundation or predicate to any of the requested topics, documents, and/or other tangible items.

5. Defendants object to all of Plaintiff's Interrogatories to the extent that such discovery requests impinge upon issues of confidential privilege, including, but not limited to, attorney-client privilege.

6. Defendants reserve the right to supplement all responses with additional information if such becomes known and is deemed relevant during discovery.

These objections are hereby incorporated into each of the following responses to Plaintiff's First Set of Interrogatories.

## RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

State and describe, in detail, Defendants' policies, practices, and procedures related to Liberty Ridge's program regarding the work/labor performed by the Mentors and Minors.

**RESPONSE:**

**Defendants object to this Interrogatory to the extent it requires Defendants to concede that an employer-employee relationship existed between Liberty Ridge and the Mentors and Minors, as that is a legal contention that Plaintiff has the burden of proving. Defendants also object to the use of the terms "work/labor," as Defendants do not concede that any unpaid "labor" or "work" was performed, as volunteerism is a pillar of faith, and Defendants are entitled to practice their religion freely and without undue intervention from the government. Subject to and without waiving the foregoing objections, the programming at Liberty Ridge Farm was structured such that the minors, under the supervision of the mentors, would perform a variety of tasks in a day; from attending school to having devotional time. Some of these tasks included vocational training activities, such as tending chickens and keeping a garden. Mentors would assist in these tasks and also oversee a minor's progress related to same.**

**INTERROGATORY NO. 2:**

Identify each person Defendants consulted for the factual basis of each answer to the following interrogatories, fully describing the person's title, role, acting capacity and to which questions they provided information for an answer.

**RESPONSE:**

**Kenton Kreider, Nelson Martin, Dana Ressler, Duane Martin, Steve Nolt, Mark Torkelson and Gerald Nolt. Each person participated in providing the answers for each interrogatory. Each of the foregoing are members of the Eastern Pennsylvania Mennonite Church, which is a nucleus of like-minded individuals and not an organization or entity capable of being sued.**

**INTERROGATORY NO. 3:**

Provide the name, last known address, last known telephone number, dates of birth, and last known email address of all Minors and mentors who resided and labored/worked at Liberty Ridge during July 1, 2019-May 12, 2022. For the Minors, this includes the Minors' parents and/or guardians' contact information.

**Defendants object to this Interrogatory as overly broad and to the extent it requires Defendants to concede that an employer-employee relationship existed between Liberty Ride and the Mentors and Minors, as that is a legal contention that Plaintiff has the burden of proving. Defendants also object to the use of the terms "work/labor," as Defendants do not concede that any unpaid "labor" or "work" was performed, as volunteerism is a pillar of faith, and Defendants are entitled to practice their religion freely and without undue intervention from the government.  Finally, Defendants object as the information sought is in possession or control of Plaintiffs, given that it was previously provided during the course of the underlying DOL investigation.**

**RESPONSE:**


**INTERROGATORY NO. 4:**

For all Minors listed in Defendants' answers to Interrogatory Number 3, please state if these Minors' parents and/or guardians paid the Defendants to have these Minors reside at Liberty Ridge. If they did pay, please state how much was paid to the Defendants for the Minor(s) to reside at Liberty Ridge.

**RESPONSE: Defendant Liberty Ridge received monthly payments from parents and/or guardians of Minors if/when they were able to do so. The suggested payment amount for residency was $56.67 per day.**


**INTERROGATORY NO. 5:**

Please identify all adult staff members that worked at the Liberty Ridge Farm during the relevant time period. Staff members include, but are not limited to, department heads, house parents, work coordinators, mentors, doctors, social workers, psychiatrists, nurses, etc. Please include their title and contact information.

**RESPONSE:**

**Defendants object to this Interrogatory as overly broad and unspecific as it does not identify a relevant time period. Defendants further object to the designation "staff members," as Plaintiffs are attempting to circumvent their burden of establishing an employer-employee relationship. Defendants also object to the use of the term "work," as Defendants do not concede that any unpaid "work" was performed, as volunteerism is a**

**pillar of faith, and Defendants are entitled to practice their religion freely and without undue intervention from the government. Subject to and without waiving the foregoing objections, see document production Bates Stamped *MMM 2023 1-388*.**

**INTERROGATORY NO. 6:**

Prior to learning of the U.S. Department of Labor's investigation relating to this matter, did Defendants speak or communicate with any individuals or third parties, including accountants, attorneys, and representatives of other businesses, regarding Defendants' liabilities and obligations under the Fair Labor Standards Act? If your answer is yes, describe in detail all such conversations and communications, and the date of all such conversations and communications.

**RESPONSE:**

**Defendants object to this Interrogatory to the extent it seeks information protected by attorney-client privilege, and to the extent it requires Defendants to concede to the existence of an employer-employee relationship, as that is a legal contention Plaintiff has the burden of proving. Subject to and without waiving the foregoing objections, no.**

**INTERROGATORY NO. 7:**

Prior to learning of the U.S. Department of Labor's investigations relating to this matter, did the Mennonite Messianic Mission, Nelson Martin, or Liberty Ridge ever take any steps to determine whether its policy of having Mentors and Minors work/labor at Liberty Ridge complied with the Fair Labor Standards Act? If your answer is yes, describe in detail all actions taken to determine whether the policy was in compliance, identify all persons who were consulted regarding whether the policy was in compliance, and the date of all such actions. This includes whether the Defendants were legally allowed to act *in loco parentis* of the Minors.

**RESPONSE:**

**Defendants object to this Interrogatory to the extent it requires Defendants to concede to the existence of an employer-employee relationship, as that is a legal contention that Plaintiff has the burden of proving. Defendants also object to the use of the terms "work/labor," as Defendants do not concede that any unpaid "labor" or "work" was performed, as volunteerism is a pillar of faith, and Defendants are entitled to practice their religion freely and without undue intervention from the government. Subject to and without waiving the foregoing objections, no.**

**INTERROGATORY NO. 8:**

Identify the individual(s) responsible for assigning work, scheduling work, and supervising the work of the Minors and Mentors during the relevant time period.

**RESPONSE:**

**Defendants object to this Interrogatory as overly broad, unspecific, and to the extent it requires Defendants concede to the existence of an employer-employee relationship, as that is a legal contention that Plaintiff has the burden of proving. Defendants also object to the use of the terms "work/labor," as Defendants do not concede that any unpaid "labor" or "work" was performed, as volunteerism is a pillar of faith, and Defendants are entitled to practice their religion freely and without undue intervention from the government. Without waiving the foregoing objections, various volunteers, including a Work Coordinator and the Mentors, assisted in the planning, delegation, and supervision of tasks during the relevant time period.**

**INTERROGATORY NO. 9:**

Identify all persons who have knowledge relating to the various subject matters, averments, claims or defenses of this lawsuit, describing generally the knowledge possessed or claimed to be possessed by each such individual.

**RESPONSE:**

**Defendants object to this Interrogatory as overly broad. Without waiving the foregoing objection, the following individuals have knowledge regarding the various subject matters, averments, claims or defenses of this lawsuit:**

- **Nelson Martin**
  - Information includes, but is not limited to, the process of enrolling youth into the program at Liberty Ridge Farm, the structure of the program, and the overall operations of Liberty Ridge Farm.
- **Kenton Kreider**
  - Information includes, but is not limited to, knowledge about the operations of Liberty Ridge Farm and the Mennonite Messianic Mission of the Eastern Pennsylvania Mennonite Church.
- **Dana Ressler**
  - Information includes, but is not limited to, knowledge about the operations of Liberty Ridge Farm and the Mennonite Messianic Mission of the Eastern Pennsylvania Mennonite Church.
- **Mark Torkelson**
  - Information includes, but is not limited to, knowledge about the operations of Liberty Ridge Farm and the Mennonite Messianic Mission of the Eastern Pennsylvania Mennonite Church.

- **Duane Martin**
  - o Information includes, but is not limited to, knowledge about the operations of Liberty Ridge Farm and the Mennonite Messianic Mission of the Eastern Pennsylvania Mennonite Church.
- **Stephen Nolt**
  - o Information includes, but is not limited to, knowledge about the operations of Liberty Ridge Farm and the Mennonite Messianic Mission of the Eastern Pennsylvania Mennonite Church.
- **Gerald Nolt**
  - o Information includes, but is not limited to, knowledge about the operations of Liberty Ridge Farm and the Mennonite Messianic Mission of the Eastern Pennsylvania Mennonite Church.

## INTERROGATORY NO. 10:

With respect to each individual whom defendants intend on calling as a witness at the trial of this case, please state the following:

a. The name of such person;
b. The address and telephone number of such person;
c. A summary of the testimony expected to be elicited from such person; and
d. Each document or other item of evidence you expect to prove through such witness

## RESPONSE:

**Defendants have not yet identified witnesses and reserve the right to supplement.**

## INTERROGATORY NO. 11:

Describe separately and in detail (identifying where applicable, any and all documents used in answering this inquiry or which relate to or provide support for such affirmative defense) each and every factual basis you rely upon in support of any contention and/or statement contained in any of the Defendants' affirmative defenses or denials.

## RESPONSE:

**Defendants object to this Interrogatory as overly broad and unduly burdensome, and to the extent it seeks a conclusion of law. Without waiving the foregoing objections, any and all bases and documents upon which Defendants intend to rely will be submitted in accordance with the discovery process. Defendants also intend to rely upon the Bible and the Constitution of the United States, which allows for the Freedom of Religion. Defendants reserve the right to supplement this response should further information become available throughout discovery.**

**INTERROGATORY NO. 12:**

Identify all individuals and other entities with an ownership interest in Liberty Ridge/the property on which Liberty Ridge farm is located from its inception until present day. For each individual or entity identified, identify the percentage of the ownership interest and the dates during which the interest was held.

**RESPONSE:**

**Liberty Ridge Farm is community owned by the Mennonite Messianic Mission of the Eastern Pennsylvania Mennonite Church.**

**INTERROGATORY NO. 13:**

Identify all individuals who were board members of the Mennonite Messianic Mission and Liberty Ridge during the relevant time period. Please list their titles and contact information.

**RESPONSE:**

**Defendants object to this Interrogatory as overly broad, duplicative and unlikely to lead to discoverable evidence. Subject to and without waiving the foregoing objections, see Bates Stamped *MMM 2023 1-388*.**

**INTERROGATORY NO. 14:**

Identify all individuals of the Mennonite Messianic Mission and Liberty Ridge who have knowledge of or were involved in decisions concerning Liberty Ridge's compensation policies, including but not limited to, all persons with knowledge of or involvement in the decision to not pay the Minors any wages and the Mentors a stipend.

**RESPONSE:**

**Defendants object to this Interrogatory as overly broad, duplicative, and to the extent it requires Defendants to concede to the existence of an employer-employee relationship, as that is a legal contention that Plaintiff has the burden of proving. Defendants also object to the insinuation that wages were unpaid, as Defendants do not concede that any unpaid "labor" or "work" was performed. Further, volunteerism is a pillar of faith, and Defendants are entitled to practice their religion freely and without undue intervention from the government. Without waiving the foregoing, see Bates Stamped *MMM 2023 1-388*.**

**INTERROGATORY NO. 15:**

State the annual gross revenue for Liberty Ridge for the years 2019-2022.

**RESPONSE:**

**See Bates Stamped** *MMM 2023 1-388***.**

**INTERROGATORY NO. 16:**

Please state all companies/businesses/private individuals/churches/entities, etc. that Defendants contracted with to have the Mentors and/or Minors perform work for during the relevant time period.

**RESPONSE:**

**Defendants object to this Interrogatory to the extent it requires Defendants to concede to the existence of an employer-employee relationship, as that is a legal contention that Plaintiff has the burden of proving. Defendants also object to the use of the terms "work/labor," as Defendants do not concede that any unpaid "labor" or "work" was performed, as volunteerism is a pillar of faith, and Defendants are entitled to practice their religion freely and without undue intervention from the government.  Without waiving the foregoing objections, Defendants had agreements with community businesses such as Snyder Gates, Wengerd Pallet Co., Clark's Feed Mill, and Jones Lumber, which would allow the residents to learn vocational skills to better assist them to become productive members of society.**

**INTERROGATORY NO. 17:**

Please list all vocational skills the Minors were trained in while at Liberty Ridge during the relevant time period.

**RESPONSE:**

**During their residency at Liberty Ridge, Minors learned several vocational skills, including but not limited to the following:**
**Tending a garden: The residents were able to grow and eat their own food, and learn how to utilize farming practices to further their ability to sustain themselves and their families.**
**Caring for young chickens: The residents learned how to raise chickens which would allow them to provide additional sustenance for themselves and their families, and to teach responsibility**
**Painting and assembling gates and pallets: The residents learned how to work with a team and learn a skill which could later be put on a resume upon graduation.**
**Sourcing firewood: The residents learned different aspects of the arborist profession, including certain tools, as well as information useful to managing their own homes**

**INTERROGATORY NO. 18:**

Please state all disciplinary actions that were utilized against the Minors by Defendants and their workers during the relevant time period. These include, but are not limited to, restrictive diets, additional manual labor, running, physical restraints, digging holes, and threats of excommunication within the Mennonite community.

**RESPONSE:**

**Defendants object to this Interrogatory to the extent it requires Defendants to concede to the existence of an employer-employee relationship, as that is a legal contention that Plaintiff has the burden of proving. Defendants also object to the use of the terms "work/labor," as Defendants do not concede that any unpaid "labor" or "work" was performed, as volunteerism is a pillar of faith, and Defendants are entitled to practice their religion freely and without undue intervention from the government. Defendants further object to this Interrogatory to the extent it makes the conclusion that any consequences given to the Minors were given in response to a failure to perform certain vocational skills. Finally, Defendants object to this Interrogatory to the extent that it incorrectly asserts that physical restraints were a consequence.**

**INTERROGATORY NO. 19:**

Please state all training that the Mentors and other adult workers of Liberty Ridge received in dealing with minors with mental health, behavioral, medical, and other issues that classified them as "troubled" or "at-risk." Please list the dates and the names and contact information for all individuals who performed those training to the Defendants' workers/employees.

**RESPONSE:**

**Defendant objects to this Interrogatory as duplicative, unlikely to lead to discoverable evidence, and to the extent this Interrogatory requires Defendants to concede to the existence of an employer-employee relationship, as that is a legal contention that Plaintiff has the burden of proving. Defendants also object to the use of the terms "work/labor," as Defendants do not concede that any unpaid "labor" or "work" was performed, as volunteerism is a pillar of faith, and Defendants are entitled to practice their religion freely and without undue intervention from the government. Further, Defendants object to relevance, as whether the Mentors had mental health training is wholly unrelated to whether any individual is due unpaid wages, and Plaintiffs cannot conflate these issues in an attempt to obtain prejudicial information.**

**INTERROGATORY NO. 20:**

Please provide the names of all financial institutions that are/were utilized by the Defendants Mennonite Messianic Mission, Liberty Ridge, and Mr. Martin during the relevant time period.

**RESPONSE:**

**Defendants object to this Interrogatory as duplicative and to the extent it seeks personal financial records from Nelson Martin, as Nelson Martin was not operating in his individual capacity as it relates to Liberty Ridge Farm. Without waiving the foregoing objection, see Bates Stamped *MMM 2023 1-388*.**

**INTERROGATORY NO. 21:**

Please provide the names and contact information of all medical professionals, educational professionals, psychological/psychiatric professionals, social workers, lawyers, and other professionals that the Defendants consulted with in creating/maintaining Liberty Ridge's program for the Minors who resided at Liberty Ridge.

**RESPONSE:**

**Defendants object to this Interrogatory as overly broad, duplicative, and to the extent it seeks records protected by attorney-client privilege. Without waiving the foregoing objections, Defendants do not have such information.**

Respectfully Submitted,

**MARGOLIS EDELSTEIN**

BY: _/s/ Meghan Wynkoop, Esq._____

MICHAEL RONALD MILLER, ESQUIRE
MEGHAN WYNKOOP, ESQUIRE
JOCELYN MENDEZ, ESQUIRE
*Attorneys for the Defendants*

Date: May 5, 2023