## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Secretary of Labor, | : | |
| United States Department of Labor, | : | No. 1:22-cv-01355 |
|     Plaintiff | : | |
| | : | (Judge Kane) |
|     v. | : | |
| | : | |
| MENNONITE MESSIANIC MISSION | : | |
| OF THE EASTERN PENNSYLVANIA | : | |
| MENNONITE CHURCH, | : | |
| d/b/a Liberty Ridge Farm, and NELSON | : | |
| MARTIN, | : | |
|     Defendants | : | |

### MEMORANDUM

Before the Court is Defendants Mennonite Messianic Mission of the Eastern Pennsylvania Mennonite Church, d/b/a Liberty Ridge Farm, and Nelson Martin ("Defendants")' motion for reconsideration.  (Doc No. 67.)  For the reasons set forth below, the Court will deny the motion.

## I.    BACKGROUND

On December 17, 2025, this Court issued a Memorandum and Order (Doc. Nos. 64–65), denying Defendants' motion for summary judgment and granting Plaintiff's motion for summary judgment as to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., claims brought by Plaintiff against Defendants.  On December 31, 2025, Defendants filed the instant motion for reconsideration of the Court's December 17, 2025 Memorandum and Order (Doc. No. 67), followed by a brief in support (Doc. No. 68) on January 2, 2026.   After seeking an extension of time to respond (Doc. No. 69), which the Court granted (Doc. No. 70), Plaintiff filed a brief in opposition to Defendants' motion on January 30, 2026 (Doc. No. 71).  Defendants filed their

reply brief on February 13, 2026.  (Doc. No. 72.)[1]  Accordingly, the motion is ripe for disposition.

## II.      LEGAL STANDARD

A motion for reconsideration "may be viewed and considered under either Rule 59(e) or 60(b)."  See Knopick v. Downey, 963 F. Supp. 2d 378, 387 (M.D. Pa. 2013) (citations omitted). Rule 59(e) permits a party to file "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment."  See Fed. R. Civ. P. 59(e).  Although Rule 59(e) does not expressly permit reconsideration of a judgment, a district court applies the same legal standard to a motion for reconsideration under Rule 59(e) as it would if the moving party seeks to alter or amend a judgment.  See, e.g., Prousi v. Cruisers Div. of KCS Int'l, Inc., No. 95-cv-06652, 1999 WL 551359, at *1 (E.D. Pa. June 30, 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1217 (3d Cir. 1995) and pointing out that "a motion for reconsideration . . . has the same import as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)").  Thus, a district court may reconsider a judgment under Rule 59(e) if "the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence [that was not previously available]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co., 52 F.3d at 1218).

These limited, permissible grounds for Rule 59(e) relief illustrate that "[t]he purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly

---

[1]  On the same date that Defendants filed their reply brief, they also filed a notice of appeal of the Court's December 17, 2025 Memorandum and Order (Doc. No. 73), which was docketed by the Third Circuit Court of Appeals on February 19, 2025 (Doc. No. 74).  On that same date, the Third Circuit stayed Defendants' appeal pending this Court's resolution of Defendants' motion for reconsideration.  See U.S. Secretary of Labor v. Mennonite Messianic Mission of Eastern Pennsylvania, No. 26-1334 (3d Cir. Feb. 19, 2026), ECF No. 4.

discovered evidence.'"  See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (quoting

Max's Seafood Café, 176 F.3d at 677).  Its purpose is not to allow a disgruntled litigant to:

> "request that the Court simply rethink a decision it has already made."  Douris v.
> Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002).  In such a motion, "parties
> are not free to relitigate issues that the Court has already decided."  United States
> v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) (internal citation and
> quotations omitted).  "The standard for granting a motion for reconsideration is a
> stringent one . . . . [A] mere disagreement with the court does not translate into a
> clear error of law."  Mpala v. Smith, CIV. 3:CV-06-841, 2007 WL 136750, *2
> (M.D. Pa. Jan. 16, 2007) (Kosik, J.)[,] aff'd, 241 F. App'x 3 (3d Cir. 2007).
> "Because federal courts have a strong interest in the finality of judgments,
> motions for reconsideration should be granted sparingly."  Cont'l Cas. Co. v.
> Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

See Chesapeake Appalachia, L.L.C. v. Scout Petroleum, LLC, 73 F. Supp. 3d 488, 491 (M.D. Pa.

2014), aff'd sub nom. Chesapeake Appalachia, LLC v. Scout Petroleum LLC, 809 F.3d 746 (3d

Cir. 2016).

Like a Rule 59(e) motion for reconsideration, a motion for reconsideration under Rule

60(b) is narrow in scope, and must rely on at least one of the six grounds enumerated in the Rule

"to . . . relieve [the moving] party . . . from a final judgment, order, or proceeding":

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been
>     discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
>     misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier
>     judgment that has been reversed or vacated; or applying it prospectively is no
>     longer equitable; or
> (6) any other reason that justifies relief.

See Fed. R. Civ. P. 60(b)(1)–(6).  "Importantly, a Rule 60(b) motion may not be used as a

substitute for an appeal, and legal error, without more, does not warrant relief under that

3

provision." Knopick, 963 F. Supp. 2d at 388 (citing Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 173 (3d Cir. 2004)).[2]

## III.    DISCUSSION

In their motion for reconsideration, Defendants rely on neither an intervening change in controlling law nor the availability of new evidence not available previously as the basis for their motion; rather, they rely exclusively on what they maintain are clear errors of law or fact in the Court's Memorandum and Order denying their motion for summary judgment and granting Plaintiff's motion for summary judgment. (Doc. No. 68 at 3–19.)  Specifically, Defendants argue that the Court committed a clear error of law or fact by: (1) determining that numerous factual assertions contained in Plaintiff's statement of material facts should be deemed admitted given Defendants' failure to properly dispute them in accordance with M.D. Pa. Local Rule 56.1 (id. at 3–6); (2) determining that there was no genuine dispute of material fact that the Minors and Mentors were employees under the FLSA (id. at 7–13); (3) determining that there was no genuine dispute of material fact that Defendants engaged in oppressive child labor (id. at 13–14); (4) determining that there was no genuine dispute of material fact that Defendants "willfully" violated the FLSA (id. at 14–16); (5) determining that an injunction is warranted (id. at 16); and (6) determining that liquidated damages are appropriate without a hearing (id. at 16–19).  The Court addresses each argument in turn.[3]

_____

[2] Defendants have not clearly identified whether they seek relief under Rule 59(e) or Rule 60(b). In their motion for reconsideration, they identify Rule 59(e) as the operative rule, see (Doc. No. 67 at 1), while in their brief in support of their motion, they identify both Rules 59(e) and 60(b) as the rules pursuant to which they seek relief, see (Doc. No. 68 at 1).

[3] In light of the parties' intimate familiarity with the facts of this case, as well as the Court's detailed discussion of the factual background of this case and the legal standards applicable to it in its December 17, 2025 Memorandum and Order, the Court limits its discussion to the points raised by Defendants in their motion.

**A.**    **Defendants' Failure to Cite Record Evidence to Dispute Factual Assertions in Plaintiff's Statement of Undisputed Material Facts in Support of Its Motion**

Defendants challenge the Court's determination that, because "only 18 out of 144 responsive paragraphs offer record citations in support of the response" of Defendants ("DRSMF") to Plaintiff's statement of undisputed material facts in support of its motion for summary judgment ("PSUMF"), the factual assertions contained in the remaining paragraphs of the PSUMF were deemed admitted pursuant to Local Rule 56.1.  Defendants maintain that their statement of facts in support of their motion for summary judgment ("DSUMF") "contained the relevant, specific citations to admissible evidence" and so the Court should have "consider[ed] [the] DSUMF in resolving the cross-motions for summary judgment."  (Doc. No. 68 at 4.)  Defendants also state that the Court in its Memorandum noted that "in opposing Plaintiff's motion for summary judgment, Defendants rely not only on the arguments made in their opposing brief but also their briefing in support of their motion for summary judgment" and so the Court "consider[ed] arguments made in both sets of briefing in assessing Plaintiff's motion for summary judgment."  (Id. (quoting Doc. No. 64 at 28 n.18).)  Accordingly, Defendants state that "[b]y failing to consider [the] DSUMF in assessing Plaintiff's motion for summary judgment, the Court improperly failed to consider the whole record when rendering its decision."  (Id. at 5–6.)

Defendants' argument that the Court committed a clear error of law or fact in this regard is unavailing, for several reasons.  As an initial matter, Defendants fail to cite any cases calling into question the Court's treatment, consistent with Federal Rule of Civil Procedure 56 and Local Rule 56.1, of Defendants' failure in the DRSMF to cite record evidence in support of their

purported dispute of the facts set forth in Plaintiff's PSUMF.[4]  Further, as noted by Plaintiff, if a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion."  See Fed. R. Civ. P. 56(e)(2). Rule 56(c)(1) requires a party seeking to demonstrate that a genuine dispute of material fact exists to support that assertion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence" of a genuine dispute.  See Fed. R. Civ. P. 56(c)(1)(A)–(B).  This Court's Local Rule 56.1 effectuates those provisions by requiring that "[s]tatements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statement" and that "[a]ll material facts set forth in the statements required by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."  See L.R. 56.1 (emphasis added).

Moreover, despite Defendants' protestation that the Court "fail[ed] to consider [the] DSUMF in assessing Plaintiff's motion for summary judgment," see (Doc. No. 68 at 5), a review of the Court's Memorandum reveals that the Court did in fact consider the facts asserted in the DSUMF in connection with its assessment of Plaintiff's motion for summary judgment, to the extent they were relevant and supported by citation to the record and did not amount to legal conclusions.  A review of the factual background section of the Court's Memorandum reveals that the Court cited ¶¶ 2, 5–11, 14–18, and 21 of the DSUMF (Doc. No. 48-1), along with relevant paragraphs of the PSUMF (Doc. No. 44-2), DRSMF (Doc. No. 52-1), and PCSMF

---

[4]  As noted by Plaintiff, the only case cited by Defendants in support of their position in this regard is Tomasso v. Boeing Co., 445 F.3d 702 (3d Cir. 2006), which did not address whether evidence was properly cited and before the Court in connection with a summary judgment response, but instead simply held that an employee's affidavit created a genuine issue of material fact justifying denial of the motion.

(Doc. No. 53-1) in setting forth the relevant facts of record. See (Doc. No. 64 at 4–16). Paragraphs 22 through 32 of the DSUMF largely contain legal conclusions to the effect that the Mentors were volunteers and not employees for purposes of the FLSA. Paragraphs 33 through 45 of the DSUMF pertain to Defendants' position that liquidated damages are not appropriate in this case and largely recite the history of negotiations between Defendants and Plaintiff regarding the amount of damages sought in this case. The remaining paragraphs of the DSUMF—paragraphs 46 through 67—pertain to Defendants' position that the Secretary of Labor lacked authority to pursue this litigation, an argument that the Court concluded was moot. See (Doc. No. 64 at 49).[5]  For these reasons, Defendants' argument that the Court committed a clear error of law or fact in connection with its treatment of Defendants' DRSMF and DSUMF fails.

>    **B.    The Court's Determination That There Was No Genuine Dispute of Material Fact That the Minors and Mentors Were Employees for Purposes of the FLSA**

Defendants next argue that the Court committed a clear error of law when it determined that there was no genuine dispute of material fact that the Minors and Mentors were employees under the FLSA. (Doc. No. 68 at 7–13.)  In doing so, Defendants assert that: (1) Liberty Ridge Farm is "exempt" from the FLSA (id. at 7–8); (2) the Court misapplied the relevant legal test and ignored aspects of the record in determining that Minors were employees (id. at 8–11); and (3) the Court misapplied the relevant legal test and ignored aspects of the record in determining that Mentors were employees (id. at 11–13).  The Court addresses each challenge in turn.

---

[5]  Further, despite Defendants' argument that the Court erred by failing to consider the DSUMF and the facts contained within it in connection with its resolution of Plaintiff's motion, Defendants do not cite specific evidence that they maintain the Court should have considered— but did not—due to Defendants' failure to properly oppose Plaintiff's PSUMF in the DRSMF and that would have created a genuine dispute of material fact precluding summary judgment in Plaintiff's favor. See (Doc. No. 68 at 4–6).

First, Defendants' argument that the Court committed a clear error of law by failing to find Liberty Ridge Farm "exempt" from the FLSA (asserted for the first time in its brief in support of its motion for reconsideration) is unavailing. As Plaintiff notes, Defendants cannot establish that the Court committed a clear error of law by failing to find that Liberty Ridge Farm is "exempt" from the FLSA when they fail to cite any authority suggesting that religious organizations may be "exempt" from the FLSA. The FLSA does not contain any "express or implied exception for commercial activities by religious or other nonprofit organizations." See Tony and Susan Alamo Foundation v. Secretary of Labor, 471 U.S. 290, 296–97 (1985).

Second, as to Defendants' argument that the Court ignored aspects of the record and misapplied the relevant law in determining that the Minors were employees and not volunteers, the Court notes that the first part of Defendants' argument regarding the Court's consideration of the record echoes their argument, discussed supra, that the Court failed to consider evidence cited in the DSUMF in connection with Plaintiff's motion for summary judgment. As noted supra, the Court did in fact consider the evidence cited in the DSUMF in connection with its resolution of Plaintiff's motion for summary judgment, to the extent such evidence was relevant, supported by citation to the record, and did not amount to a legal conclusion. As to the second part of Defendants' argument—that the Court misapplied relevant law in determining that the Minors were employees instead of volunteers—the Court concludes that Defendants' argument in this regard amounts to an effort to "request that the Court . . . rethink a decision it has already made," see Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002), which is not the purpose of a motion for reconsideration.

Nevertheless, if the Court were to consider the merits of Defendants' argument as to the Minors, it is unpersuaded.  As Plaintiff notes, Defendants in their motion for reconsideration abandon their prior argument to the Court that the Minors were student-trainees and instead argue that the Court erred in determining that they were employees as opposed to volunteers. (Doc. No. 68 at 8–11, 17.)  However, Defendants in their brief in opposition to Plaintiff's summary judgment motion conceded that the Minors were not volunteers.  See (Doc. No. 52 at 4 (noting that Plaintiff's motion for summary judgment argues that the Minors are not volunteers and stating that "[t]his is not in dispute, as Defendants have never categorized the [Minors] as volunteers") (emphasis in original)).  Accordingly, Defendants cannot now contend that the Court committed a clear error of law by failing to adopt a conclusion that Defendants never advocated (and in fact disclaimed) in opposition to Plaintiff's motion for summary judgment.  A motion for reconsideration is not an appropriate vehicle to advance an argument that could have been made to the Court before its decision.  See Tatel v. Mt. Lebanon Sch. Dist., 675 F. Supp. 3d 551, 558 (W.D. Pa. 2023) (Rule 59(e) motions "should not be used to advance additional arguments which could have been made by the movant before judgment").[6]  Defendants have not demonstrated that the Court committed a clear error of law or fact when it determined that there was no genuine dispute of material fact that the Minors were employees for purposes of the FLSA.

---

[6]  In any event, the Court in its Memorandum addressed whether the Minors were volunteers and concluded that there was no genuine dispute of material fact that they were not.  Defendants contend that the Court's determination "ignore[d] the key fact in the record that the Minors would still be fed and have a safe bed to sleep in at Liberty Ridge Farm even if they sat in their room and refused to participate in the vocational work" and so "ignored the record in determining that food and shelter were a form of 'compensation' expected for work performed as part of the vocational skills program at Liberty Ridge Farm . . . ."  (Doc. No. 68 at 10–11.) However, as noted by Plaintiff, Defendants' contention is undermined by the entirety of the record and particularly by the admitted philosophy of Liberty Ridge Farm that "if you don't work, you don't eat."  See (Doc. No. 44-2 ¶ 11; Doc. No. 52-1 ¶ 11).

Third, as to the Mentors, Defendants similarly argue that the Court ignored aspects of the record and misapplied relevant law in determining that they were employees as opposed to volunteers. (Doc. No. 68 at 11–13.) As to the first part of Defendants' argument regarding the Court's consideration of the record, the Court again notes that it echoes their argument, discussed supra, that the Court failed to consider evidence cited in the DSUMF in connection with Plaintiff's motion for summary judgment. As noted, the Court did in fact consider the evidence cited in the DSUMF in connection with its resolution of Plaintiff's motion for summary judgment, to the extent such evidence was relevant, supported by citation to the record, and did not amount to a legal conclusion. Regarding Defendants' second argument that the Court misapplied relevant law, Defendants contend that the Court failed to consider their argument that the instant case differs from Alamo Foundation because that case "did not involve a sincerely held religious belief that holds volunteerism as a pillar of their faith" but "[a]s explained throughout the record, for the members of the Mennonite Messianic Mission of the Eastern Pennsylvania Mennonite Church, volunteerism is a key obligation of church participation and is more akin to attending Sunday mass." (Doc. No. 68 at 12–13.) The Court notes that Defendants fail to cite any authority in support of this argument but instead revisit argument presented in their opposition to Plaintiff's motion for summary judgment, which fails to meet the heavy burden to justify reconsidering the Court's decision. See Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (stating that a motion for reconsideration should not be used "as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and a litigant") (citations omitted).[7] Accordingly,

_____

[7] In any event, the Court in its Memorandum noted that, pursuant to Alamo Foundation, the relevant issue is whether the Mentors expected compensation for their work at Liberty Ridge and

Defendants have not demonstrated that the Court committed a clear error of law or fact when it determined that there was no genuine dispute of material fact that the Mentors were employees for purposes of the FLSA.

C.      The Court's Determination That There Was No Genuine Dispute of Material Fact That Defendants Engaged in Oppressive Child Labor

Defendants maintain that the Court "misapprehended or ignored crucial aspects of the record" in determining that there was no genuine dispute of material fact that Defendants engaged in oppressive child labor.  (Doc. No. 68 at 13.)  Defendants contend that the Court misstated that Defendants' only asserted defense to this claim was that the Minors were not employees under the FLSA because Defendants also maintained that "(1) Defendants did not 'force [] Minors to work longer than eighteen (18) hours in a week,' as many of the activities considered to be 'work' were a part of the Minors' spiritual and educational learning"; and "(2) the Department of Labor has not met its burden of establishing a violation, as the handbook referenced in PSUMF was not in place during the relevant time period of this litigation and therefore cannot be considered."  (Id. at 13–14.)  Accordingly, Defendants maintain that "the Court's determination that Defendants engaged in oppressive child labor incorrectly relies on the 'admissions' of Defendants in DRUMF and outdated evidence (namely, the outdated handbook for procedures at Liberty Ridge Farm) without considering the contrary evidence submitted by Defendants" by way of the DSUMF.  (Id. at 14.)

Defendants' argument in this regard is unavailing.  As an initial matter, the Court notes that, as discussed supra, and contrary to Defendants' argument, the Court did in fact consider the DSUMF in connection with its assessment of Plaintiff's motion for summary judgment.  See

---

concluded that there was no genuine dispute of fact that they did in fact expect compensation in the form of a $250 stipend plus room and board.  (Doc. No. 64 at 38–40.)

supra at 5–7.  Further, Defendants' argument on this point amounts to an effort to convince the Court to "rethink a decision it has already made," which fails to meet the heavy burden to justify reconsideration.  See Douris, 229 F. Supp. 2d at 408.  Even if the Court were to consider the merits of Defendants' argument in this regard, it is unpersuaded that Defendants have identified a clear error of law or fact.  As to Defendants' contention that they did not "force" Minors to perform work, Plaintiff correctly notes that Defendants cite no authority supporting the position that an oppressive child labor violation exists only if labor is forced.  Further, regarding Defendants' argument about the handbook, Defendants failed to cite any evidence of record to that effect in attempting to dispute Plaintiff's citation to the handbook, as noted by the Court in its Memorandum resolving the parties' summary judgment motions.  See (Doc. No. 64 at 9 & n.10 (noting that Defendants responded to Plaintiff's assertion that the Liberty Ridge handbook states that Mentors supervised Minors for twenty-four (24) hours per day by stating that "the handbook referenced is outside the relevant scope of this litigation" while offering no citation to the record in support of their assertion so as to properly dispute its veracity or relevance).  In any event, Defendants' arguments do not call into question the Court's determination that "Defendants fail to raise a genuine dispute of material fact as to the question of their engagement in oppressive child labor as defined by the Secretary of Labor because the record clearly supports a finding that children under the age of fourteen (14) worked in the Liberty Ridge pallet shop" (Doc. No. 64 at 47), which the Court found "is a clear violation of 29 C.F.R. § 570.2(a)" (id. at 48).  Defendants have failed to identify a clear error of law or fact regarding the Court's conclusion that there was no genuine dispute of material fact that Defendants engaged in oppressive child labor under the FLSA.

**D.      The Court's Determination that Defendants "Willfully" Violated the FLSA**

Defendants argue that the Court "misapprehended or ignored crucial aspects of the record" in determining that there was no genuine dispute of material fact that Defendants willfully violated the FLSA.  (Doc. No. 68 at 14.)  Defendants again reference the DSUMF in arguing that "Defendants have cited sufficient evidence to permit a reasonable finder of fact to conclude that they subjectively believed that their actions complied with the FLSA."  (Id. at 15.)  The universe of evidence cited by Defendants in support of this assertion is paragraph 33 of the DSUMF, which asserts that "[d]ue to the nature of the programming at Liberty Ridge Farm, as well as its foundation as a non-profit organization through the Church, Defendants have a genuine belief that Liberty Ridge is not subject to the FLSA."  (Doc. No. 48-1 ¶ 33.)  In support of that statement the paragraph cites to "Exhibit E" (Doc. No. 48-9), which consists of evidence from the Department of Labor investigation of Liberty Ridge Farm, including an investigator's statement that Defendants "believe because they are part of the church a non-profit organization that they are not subject to the FLSA."  (Doc. No. 48-9 at 7.)

Defendants have failed to demonstrate that the Court committed a clear error of law or fact in concluding as a matter of law that Defendants knew or showed reckless disregard for whether their conduct was prohibited by the FLSA.  As the Court noted in its Memorandum, "[a]lthough willfulness is generally a question of fact, it can be treated as a question of law where 'there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party.'"  (Doc. No. 64 at 60 (quoting Walsh v. Fusion Japanese Steakhouse, 548 F. Supp. 3d 512, 527 (W.D. Pa. 2021) (citing Souryavong v. Lackawanna Cnty., 872 F. 3d 122, 126 (3d Cir. 2017))); see Secretary U.S. Department of Labor v. Nursing Home Care Mgmt., Inc., 128 F.4th 146, 159 (3d Cir. 2025) (affirming district court's summary judgment finding that a

13

defendant willfully violated the FLSA).  Defendants' citation to a Department of Labor investigator's statement recording Defendants' self-serving belief "that they are not subject to the FLSA" is insufficient evidence to call into question the Court's determination that, considering all evidence of record, there was no legally sufficient basis for a reasonable jury to conclude that Defendants were not at least reckless in not knowing that their conduct was prohibited by the FLSA.  As the Court stated in its Memorandum,

> In this case, the undisputed evidence indicates that Defendants did not consult with "any individuals or third parties, including accountants, attorneys, and representatives of other business" pertaining to their FLSA obligations. (Doc. No. 44-9 at 4.)  Additionally in December of 2021, Defendants were informed by the Department of Labor that they needed to pay workers "fair wages" and yet Mentors indicated that, even after being so informed, Defendants continued to pay them only a monthly stipend far below the appropriate wage total based on their hours worked. (Doc. Nos. 44-35 (LRFC meeting minutes noting "Department of Labor (DOL) comments" that "[w]orkers need to be paid fair wages" and "[t]hey will further investigate LFR regarding their concerns"); 44-41 (records of Mentor interviews with Department of Labor Investigator Christopher Harvey); 44-42 (Declaration of Christoper Harvey).)  The Court finds that Defendants' continued failure to pay appropriate wages, even after being informed by the Department of Labor that they needed to make such payments, accompanied by their failure to take steps to ascertain their FLSA obligations, demonstrates that Defendants cannot meet their burden of establishing a genuine dispute of material fact on the question of whether they showed a "reckless disregard" for the FLSA.  See Richland Shoe Co., 486 U.S. at 133.

(Doc. No. 64 at 61–62.)  Defendants have failed to demonstrate that the Court committed a clear error of fact or law when it concluded that they failed to "meet their burden of establishing a genuine dispute of material fact on the question of whether they showed a 'reckless disregard' for the FLSA." (Id. at 62.)[8]

_____

[8]  Defendants state in their reply brief that "[i]f the Court properly considered the DSUMF, it would have considered facts that, undisputably, show Defendants believed the ministerial exception applied to Liberty Ridge." (Doc. No. 72 at 11.)  To the Court's understanding, this appears to be Defendants' first reference to the "ministerial exception," an affirmative defense grounded in the First Amendment's religion clauses, recognized and applied by the United States Supreme Court in Hosanna-Tabor Evangelical Lutheran Church & School v. E.E.O.C., 565 U.S.

14

**E.**    **The Court's Determination That an Injunction is Warranted in This Case**

Defendants contend that the Court committed "a mistake of law" in determining that an injunction is warranted as a remedy in this case because that determination "relied on its misstatement that Defendants engaged in 'oppressive child labor.'" (Doc. No. 68 at 16.) Defendants rely on their arguments challenging the Court's finding that there was no genuine dispute of material fact that they engaged in oppressive child labor in challenging the Court's imposition of an injunction. (Id.)

For the reasons set forth supra in Section III.C., Defendants have failed to identify a clear error of law or fact regarding the Court's conclusion that there was no genuine dispute of material fact that Defendants engaged in oppressive child labor under the FLSA and have therefore failed to identify a clear error of law or fact in connection with the Court's decision that issuance of an injunction was an appropriate remedy for Defendants' violations. See supra at Section III.C.

**F.**    **The Court's Determination that Liquidated Damages Are Appropriate**

Defendants argue that the Court "committed a violation of Defendants' due process rights in determining the amount of damages relating to this matter without a hearing." (Doc. No. 68 at 16.) Defendants then reiterate their argument, asserted supra in connection with their challenge to the Court's willfulness determination (which resulted in a three year, as opposed to a two year, statute of limitations), that the Court erred in concluding that they failed to establish a genuine dispute of material fact as to whether they showed reckless disregard for whether their conduct violated the FLSA. See supra at Section III.D. Defendants reiterate their position that the facts

---

171, 188, 195 n.4 (2012) to foreclose an employment discrimination suit brought by a minister challenging her church's decision to fire her. See id. at 195. It is unclear to the Court, and Defendants do not explain, how the ministerial exception would apply to the facts of the instant case.

cited in the DSUMF (specifically, a Department of Labor investigator's statement recording Defendants' self-serving belief "that they are not subject to the FLSA") suffice to create a genuine dispute of material fact as to the issue of willfulness (in the case of the three year statute of limitations discussed in Section III.D.) and as to the amount of liquidated damages to be awarded. (Doc. No. 68 at 17–18.) Defendants elide any legal distinction between the two inquiries—willfulness and liquidated damages—and argue that both "are entirely based upon the state of mind or intent of Defendants—whether Defendants subjectively believed it was reasonable to not tender payment" to the Minors and Mentors. (Id. at 17.) Defendants argue that, because the Court's liquidated damages determination violated their due process rights, that judgment is "void" under Federal Rule of Civil Procedure 60(b)(4). (Id. at 17.) In their reply brief, Defendants state that they "had an honest belief that employment laws, such as the FLSA, would not apply because the Mentors/Minors did not consider themselves to be 'employees'" and "[a]s such, it is undisputed that the Defendants believed the ministerial exception applied to all vocational programs at Liberty Ridge." (Doc. No. 72 at 12.) Accordingly, Defendants request that "this Court reconsider its damages award[] and hold a hearing to determine the appropriate damages." (Id. at 13.)

Defendants' challenge to the Court's liquidated damages determination fails to meet the heavy burden to justify reconsideration under either Rule 59(e) or 60(b). As noted by Plaintiff, and despite Defendants' argument to the contrary, Defendants' burden in opposing Plaintiff's summary judgment motion on the issue of liquidated damages is greater than their burden in opposing Plaintiff's position as to a finding of willfulness justifying a three-year statute of limitations. This is so because "a defendant employer bears the 'plain and substantial' burden of proving he is entitled to discretionary relief from the FLSA's mandatory liquidated damages

16

provision." See Martin v. Cooper Elec. Supply Co., 940 F.2d 896, 907 (3d Cir. 1991) (quoting Williams v. Tri-County Growers, Inc., 747 F.2d 121, 128–29 (3d Cir. 1984)).  This burden requires a defendant to offer proof that he failed to obey the statute in good faith (a subjective requirement) and did so upon "reasonable grounds" (an objective requirement).  See id. at 907–08 (citing Williams, 747 F.2d at 129).  Accordingly, to attempt to meet the burden to show that a subjective belief was objectively reasonable, a defendant "must show that he took affirmative steps to ascertain [the FLSA's] requirements, but nonetheless, violated its provisions."  See Martin, 940 F.2d at 908.

Even if Defendants had offered sufficient evidence to create a genuine dispute of material fact on the first (subjective) inquiry, discussed supra in Section III.D., Defendants have offered no evidence to show that they "took affirmative steps to ascertain [the FLSA's] requirements," the second (objective) inquiry necessary to prove that a defendant is entitled to discretionary relief from the FLSA's liquidated damages provision.  See Martin, 940 F.2d at 909 (stating that the defendant's "failure to inquire into [the requirements of the FLSA] precludes a determination that the [defendant's] subjective good faith was reasonable").  Defendants state in this regard that they "did take steps to consider their compliance—it is undisputed they believed the ministerial exception applied to the vocational programs at Liberty Ridge Farm." (Doc. No. 68 at 18.)  As noted supra at note 8, to the Court's understanding, Defendants' brief in support of their motion for reconsideration constitutes their first mention of the "ministerial exception" affirmative defense.  Also as noted supra at note 8, it is not obvious to the Court how that affirmative defense to claims of employment discrimination brought by ministerial staff against their employer would necessarily apply to this case in which the Secretary of Labor asserts claims for violations of the FLSA, and Defendants offer no explanation as to its applicability.  Defendants

17

have failed to identify a clear error of law or fact in connection with the Court's determination that Defendants are liable for liquidated damages.

## IV.    CONCLUSION

For the foregoing reasons, the Court will deny Defendants' motion for reconsideration. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

18